# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL SVEHLA** | **CIVIL ACTION** |
| **versus** | **NO. 10-177** |
| **BURL CAIN, WARDEN** | **SECTION: "N" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Michael Svehla, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On November 15, 2005, he was convicted of seven counts of pornography involving juveniles and five counts of attempted pornography involving juveniles in violation of Louisiana law.[1] On December 15, 2005, he was found to be a third offender and was sentenced as such on the first count of pornography involving juveniles to a term of life imprisonment. On the remaining counts of pornography involving juveniles, he was sentenced to

---

[1] State Rec., Vol. III of VI, transcript of November 15, 2005, pp. 174-76; State Rec., Vol. I of VI, minute entry dated November 15, 2005; State Rec., Vol. I of VI, jury verdict forms.

consecutive terms of ten years imprisonment. On the convictions of attempted pornography involving juveniles, he was sentenced to consecutive terms of five years imprisonment. It was ordered that all of the sentences be served without benefit of probation, parole, or suspension of sentence.[2] On December 28, 2006, the Louisiana First Circuit Court of Appeal affirmed petitioner's convictions, habitual offender adjudication, and sentences.[3] On February 8, 2007, petitioner's counsel filed a related writ application with the Louisiana Supreme Court.[4] That writ application was denied as untimely on May 4, 2007.[5]

On December 4, 2007, petitioner filed with the state district court an application for post-conviction relief.[6] That application was denied on March 4, 2008.[7] Petitioner's related writ

---

[2] State Rec., Vol. III of VI, transcript of December 15, 2005; State Rec., Vol. I of VI, minute entry dated December 15, 2005; State Rec., Vol. V of VI, Written Reasons dated January 26, 2006.

[3] State v. Svehla, No. 2006 KA 0397, 2006 WL 3804628 (La. App. 1st Cir. Dec. 28, 2006); State Rec., Vol. V of VI.

[4] See Rec. Doc. 1-2, pp. 1-4.

[5] State v. Svehla, 956 So.2d 607 (La. 2007) (No. 2007-K-0285); State Rec., Vol. VI of VI.

[6] State Rec., Vol. VI of VI. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner signed his application on December 4, 2007, and, therefore, that is the earliest day it could be considered filed.

[7] State Rec., Vol. VI of VI, Judgment dated March 4, 2008.

applications were then denied by the Louisiana First Circuit Court of Appeal on August 18, 2008,[8] and by the Louisiana Supreme Court on September 4, 2009.[9]

On January 25, 2010, petitioner filed for *habeas corpus* relief asserting numerous claims.[10] The state concedes that petitioner exhausted his claims in state court;[11] however, the state argues that the application should be dismissed as untimely.[12] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[13]

As noted, the Louisiana First Circuit Court of Appeal affirmed petitioner's convictions, habitual offender adjudication, and sentences on December 28, 2006. Therefore, under § 2244(d)(1)(A), his convictions became "final" on January 29, 2007, when his period expired for filing a writ application with the Louisiana Supreme Court. See Louisiana Supreme Court Rule X, § 5(a) (a litigant has thirty days to file a writ application to challenge a judgment of a Louisiana

---

[8] State v. Svehla, No. 2008-KW-0818 (La. App 1st Cir. Aug. 18, 2008) (unpublished); State Rec., Vol. VI of VI.

[9] State v. Svehla, 17 So.3d 950 (La. 2009) (No. 2008-KP-2260); State Rec., Vol. VI of VI.

[10] Petitioner's original petition was filed on January 25, 2010, Rec. Doc. 1, and his amended petition was filed on March 3, 2010, Rec. Doc. 7.

[11] Rec. Doc. 20, p. 6.

[12] Rec. Docs. 19 and 20.

[13] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

intermediate appellate court); see also Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).[14] Accordingly, his period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). Accordingly, this Court must consider petitioner's state court filings.

As noted, on February 8, 2007, petitioner's counsel filed the writ application in Louisiana Supreme Court case number 2007-K-0285. However, that filing was not an application seeking *post-conviction relief or other collateral review*; rather, it was filed and treated by the court as an application for *direct review*.[15] "Filings that are not part of habeas or post-conviction proceedings do not invoke Section 2244(d)(2) tolling." Butler, 533 F.3d at 320. Accordingly, no statutory tolling credit may be granted for that application.

After three hundred eight (308) days of the one-year period elapsed, petitioner did successfully toll the limitations period by filing his state post-conviction application on December 4, 2007. Tolling then continued uninterrupted for the duration of the post-conviction proceedings,

---

[14] In this case, the thirtieth day, January 27, 2007, was a Saturday; therefore, the period was extended until Monday, January 29, 2007. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

[15] It was clearly treated by the Louisiana Supreme Court as an application for direct review because it was expressly dismissed as untimely. It would not have been untimely if it had been considered to be a post-conviction application. See La.C.Cr.P. art. 930.8 (establishing a two-year limitations period for post-conviction applications). Moreover, post-conviction applications must be filed in the state district court, not directly in the Louisiana Supreme Court. La.C.Cr.P. art. 926(A); see also Mercadel v. Cain, 179 F.3d 271, 274 (5th Cir. 1999)

so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004). The state does not argue, and the state court record does not reflect, that petitioner's related writ applications were untimely filed with the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court. As a result, tolling did not cease until the Louisiana Supreme Court denied relief on September 4, 2009.[16]

When the limitations period resumed running at that point, petitioner had fifty-seven (57) days of his one-year period remaining. Therefore, he had until November 2, 2009, to file his federal application,[17] a deadline he clearly missed. Accordingly, statutory tolling alone is insufficient to make his federal application timely.

However, petitioner argues that he is entitled to equitable tolling. The United States Supreme Court recently held that the AEDPA's limitations period is in fact subject to equitable tolling. Holland v. Florida, No. 09-5327, 2010 WL 2346549 (U.S. June 14, 2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights *diligently, and* (2) that some *extraordinary circumstance* stood in his way *and prevented timely filing*." Id. at *12 (internal quotation marks omitted; emphasis added); see also Davis v. Johnson,

---

[16] A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

[17] Because the fifty-seventh day, October 31, 2009, fell on a Saturday, the limitations period was extended through the following Monday. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner argues that he is entitled to equitable tolling because Melissa Brink, his attorney on direct appeal, deceived him by failing to disclose that the writ application in Louisiana Supreme Court case number 2007-K-0285 had not been timely filed. The United States Supreme Court has made clear that an attorney's failure to satisfy professional standards of care can, at least in *some* circumstances, amount to the "extraordinary circumstances" required for equitable tolling. Holland, 2010 WL 2346549, at *12-14. However, *even if* Ms. Brink's conduct could be considered sufficiently egregious as to qualify as "extraordinary circumstances," which is an issue this Court need not and does not reach, equitable tolling still would not be warranted for at least two reasons.

First, Ms. Brink's actions clearly did not "prevent" petitioner from seeking federal *habeas corpus* relief in a timely manner. On September 25, 2007, petitioner obtained from the prison law library a copy of the decision in case number 2007-K-0285,[18] and so he was aware of the basis for the dismissal and of Ms. Brink's purported deception no later than that date. At that point, only two hundred thirty-nine (239) days of the federal limitations period had elapsed, leaving over *four months* of the period remaining. Such an extended period of time, comprising over one-third of the entire limitations period, left him with more than sufficient time to toll the limitations period by filing his state post-conviction application and to thereafter seek federal *habeas corpus* relief before the filing deadline. See, e.g., Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999)

---

[18] Rec. Doc. 1-4, p. 58; Rec. Doc. 12, p. 3.

(equitable tolling is not warranted when the purported obstacle to filing is removed long before the deadline, absent a showing that the petitioner diligently pursued relief in the remaining time but still could not complete his application in a timely manner); see also Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling was not warranted when the purported obstacle to filing was removed six months prior to the filing deadline). It was petitioner's own extended periods of inactivity after September 25, 2007, which caused his untimely filing, not Ms. Brink's actions prior to that date. Equitable tolling is not granted for delays of a petitioner's own making. Hardy v. Quarterman, 577 F.3d 596, 598 (5th Cir. 2009).

Second, relatedly, petitioner has not shown the "reasonable diligence" required to support a claim for equitable tolling. See Holland, 2010 WL 2346549, at *14. Once he learned of the purported deception on September 25, 2007, he waited sixty-nine (69) days before filing his state post-conviction application. Further, once the state post-conviction proceedings ended on September 4, 2009, he waited an *additional* one hundred forty-two (142) days before filing his federal application. Allowing such an extended period of time (two hundred eleven (211) days, a period of approximately seven months in total) to elapse untolled after learning of Ms. Brink's purported deception clearly does not qualify as the diligence required for equitable tolling. See Lann v. Dretke, 111 Fed. App'x 236, 237 (5th Cir. 2004) (no equitable tolling when prisoner waited five months after denial of relief in state court before filing a federal petition); Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) (no equitable tolling when prisoner waited four months after denial of relief in state court before filing a federal petition); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (no equitable tolling when prisoner waited six months after receiving notice of the denial

of state relief before filing a federal petition). "Equity is not intended for those who sleep on their rights." Hardy, 577 F.3d at 598 (5th Cir. 2009) (quotation marks and brackets omitted).

Because petitioner is not entitled equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before November 2, 2009, in order to be timely. As noted, his federal application was not filed until January 25, 2010, and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of **Michael Svehla** for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[19]

New Orleans, Louisiana, this twenty-second day of June, 2010.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.